Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH SANDERS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO: 2:21-cv-73 <br><br><br><br> CLASS ACTION <br> COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq. as and for his class action complaint against the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also alleges violations under California's Consumer Credit Reporting Agency Act or California Civil Code § 1785.1 *et*

*seq.* ("CCCRA"), which requires maximum accuracy with regard to consumer credit reporting and California Business and Professions Code §17200, et seq., which prohibits unfair competition, including any unlawful, unfair or fraudulent business act.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California and is a "consumer" as defined by 15 U.S.C. §1692(a).

3. Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Defendant PRA") is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2, is a "creditor" as defined pursuant to Cal. Civil Code §1788.2, a "furnisher of information" and a "debt buyer." Defendant is authorized to do business in the state of California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant PRA regularly conducts business in this district and the acts that gave rise to this action occurred in this district.

## FACTUAL BACKGROUND

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by Plaintiff.

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred, purchased by, and/or assigned to Defendant PRA for collection.

8. That Plaintiff discovered adverse credit information on his credit reports regarding the aforementioned account.

9. That the Plaintiff sent the Defendant PRA a cease and desist letter dated October 29, 2020.

10. That notwithstanding the Plaintiff's request for Defendant PRA to cease and desist its conduct, Defendant PRA unlawfully continued to communicate with the Plaintiff in an attempt to collect on the alleged debt.

11. That the credit reporting by the Defendant PRA remained on Plaintiff's credit reports.

12. That Defendant PRA mailed Plaintiff several dunning notices, dated November 23, 2020, in an attempt to collect on the alleged debt.

13. That according to one dunning notice, dated November 23, 2020, the Defendant PRA listed an account number ending in x6202 with "Reference Number 13879581" and indicated, in pertinent part, that it was responding to a "dispute."

14. That according to another dunning notice, also dated November 23, 2020, the Defendant PRA listed an account number ending in x6202 with "Reference Number 13885303" and indicated, in pertinent part, that it was responding to a "dispute."

15. That according to yet another dunning notice, also dated November 23, 2020, the Defendant PRA listed an account number ending in x6202 with "Reference Number 13878514" and indicated, in pertinent part, that it was responding to a "dispute."

16. That upon information and belief, the communications sent by Defendant PRA in its attempts to collect a debt contained false, conflicting and inconsistent information.

17. That the communications sent by Defendant PRA in its attempts to collect a debt were confusing, misleading and deceptive as to the status of Plaintiff's alleged debt.

18. That the continued efforts by Defendant PRA to collect on the alleged debt in spite of Plaintiff's request for Defendant PRA to cease and desist constitute abuse and harassment.

19. That Plaintiff became confused, stressed and anxious about the collection efforts made against him by Defendant PRA.

## AS AND FOR A FIRST CAUSE OF ACTION

20. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

21. Defendant's conduct constitutes harassment and abuse; its communications contained language demonstrating false statements and deceptive misrepresentations all in violation of the FDCPA.

22. That the Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendant PRA are harassing, confusing, misleading, deceptive and unfair.

   a. Defendant violated 15 U.S.C. § 1692c by failing to cease communication with the Plaintiff despite the Plaintiff's written notification to the Defendant;

   b. Defendant violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;

   c. Defendant violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by using false representations; and by using deceptive means to collect the alleged debt;

   d. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   e. Defendant violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

23. That Defendant engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair, all to collect on debts.

24. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety and aggravation.

25. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but no less than $1,000.00, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

26. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

28. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   a. Defendant has violated §1788.13 which prohibits false representations that information concerning a debtor' s failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency. [1]

   b. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

29. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

30. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000.00 as provided for in the Act.

31. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

---

[1] Reporting debts to credit reporting agencies is one of the most commonly-used arrows in the debt collector's quiver.  *Moscona v California Business Bureau, Inc.* 2011 WL 5085522 at *4 (quoting *Edeh v Midland Credit Mgmt., Inc.*, 748 F. Supp.2d 1030, 1035 (D. Minn. 2010).

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

33. California Civil Code §1785.25 prohibits a person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

34. That by its acts and practices as hereinabove described, Defendant PRA willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiff to various consumer reporting agencies.

35. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

## AS AND FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

37. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

38. That Defendant, by engaging in the acts hereinabove described, has committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

39. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

40. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, and Defendant has been unjustly enriched by committing said acts.

41. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of stress, anxiety, aggravation and sleepless nights.

42. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

43. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

## CLASS ALLEGATIONS

44. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45. The first cause of action is brought on behalf of Plaintiff and the members of a class.

46. That one sub-class consists of all persons whom Defendant's records reflect resided in the state of California, sent the Defendant a written "cease and desist" request, yet continued to receive communications from the Defendant in its attempts to collect on a debt.

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the facts that the collection activity, including the Defendant's form dunning notices are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    (C)    The only individual issue is the identification of the consumers who sent the Defendant a written "cease and desist" request yet continued to receive dunning notices from the Defendant in its attempts to collect a debt, a matter capable of ministerial determination from the records of Defendant.

Class Action Complaint for Damages

(D)     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

(F)     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

48. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49. Letters, notices, statements and/or reports, such as those sent by, or at the direction of the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    i. Defendant has violated 1692c by failing to cease communication with the Plaintiff and putative class members despite receiving written notification;

    ii. Defendant has violated 1692d by harassing and engaging in oppressive and abusive conduct against the Plaintiff and putative class members;

    iii. Defendant has violated 1692e by using false representations and deceptive and misleading means in an attempt to collect a debt;

    iv. Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    v. Defendant has violated 1692g by using misleading and overshadowing language and mischaracterizing debtor rights and/or the status of accounts.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a)    An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

(b)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

(c)    Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., California Civil Code §1785.31 and California Business and Professions Code §§17200, et seq.;

(d)    Special, general, and compensatory damages and punitive damages;

(e)    Equitable and injunctive relief;

(f)    Restitution;

(g)    Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, et seq., California Civil Code §1785.31, common law and/or the Court's inherent power; and

(h)    For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

//
//
//

Class Action Complaint for Damages

Plaintiff requests trial by jury on all issues so triable.

Dated: January 5, 2021                          Respectfully Submitted,

                                                 /S/ Amir J. Goldstein, Esq._____
                                                Amir J. Goldstein, Esq.
                                                **Attorney for Plaintiff**
                                                The Law Offices of Amir J. Goldstein, Esq.
                                                7304 Beverly Blvd, Suite 212
                                                Los Angeles, CA 90036
                                                Tel 323.937.0400
                                                Fax 866.288.9194

Class Action Complaint for Damages